UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET TORRES,<br><br>            Plaintiff,<br><br>     v.<br><br>WESTERN REFINING RETAIL, LLC, *et al.*,<br><br>            Defendants. | Case No. 1:25-cv-01139-CDB<br><br>ORDER VACATING HEARING ON MOTION TO REMAND AND INITIAL SCHEDULING CONFERENCE<br><br>(Docs. 2, 4)<br><br><u>Clerk of the Court to Appoint District Judge</u> |

**Background**

Plaintiff Janet Torres ("Plaintiff") initiated this action with the filing of a complaint in state court on June 30, 2025, against Defendants Western Refining Retail, LLC; Speedway, LLC; 7-Eleven, Inc.; Seven-Eleven Japan; Seven & I Holdings; Derrick Smith; Farron Justice; and Tammy Anderson (collectively, "Defendants"). (Doc. 1-5 at 6-30). Defendant 7-Eleven, Inc., removed the action on September 5, 2025. (Doc. 1). On October 8, 2025, Plaintiff filed a motion to remand in which she noticed a motion hearing date of November 20, 2025, before the undersigned. (Doc. 4). Defendant 7-Eleven, Inc. filed an opposition to Plaintiff's motion on October 22, 2025. (Doc. 6). Plaintiff filed a reply on October 30, 2025. (Doc. 8). Plaintiff acknowledges that the individual defendants have not been served with summons and complaint (*see* Doc. 4 at 10-11) and it is unclear whether, aside from 7-Eleven, Inc., any of the other named, organizational defendants have been served (*see* Doc. 6 at 1).

**Discussion**

Consent to magistrate judge jurisdiction may not be entered absent consent of all parties, including unserved defendants. *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). Here, Defendants Smith, Justice, and Anderson, and perhaps other of the organizational defendants, remain unserved. Thus, because there is not full consent among all parties to the jurisdiction of a magistrate judge, Plaintiff has improperly noticed the motion to remand before the undersigned. *See Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015) (holding that a motion to remand is dispositive). Additionally, it follows that, as the motion to remand is dispositive and a ruling on the motion may dispose of all federal proceedings in this case, the initial scheduling conference may, therefore, be rendered moot.

As such, the Court will vacate the hearing on the motion to remand and the initial scheduling conference and direct the Clerk of the Court to randomly assign a district judge to this action. Following reassignment of the action, Plaintiff may re-notice the hearing on the motion to remand in front of the assigned district judge.

**Conclusion and Order**

The Clerk of the Court is directed to randomly assign a District Judge.

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The initial scheduling conference set for December 9, 2025, is VACATED, to be reset as necessary following disposition of Plaintiff's pending motion to remand; and

2. The hearing on Plaintiff's pending motion to remand (Doc. 4) is VACATED.

IT IS SO ORDERED.

Dated: **November 7, 2025**

UNITED STATES MAGISTRATE JUDGE

2